# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARY KATHERINE WEBSTER )
)
Plaintiff, )
)
v. ) C.A. No. N19C-04-170 ALR
)
DR. MICHAEL BROSMAN and )
VICTORIA BROSMAN, )
)
Defendants. )

Submitted: September 26, 2019
Decided: October 29, 2019

*Upon Defendants' Motion to Dismiss*
**GRANTED**

## MEMORANDUM OPINION

Samuel D. Pratcher, III, Esquire, Pratcher Krayer LLC, Wilmington, Delaware, Willie E. Gary, Esquire, Larry A. Strauss, Esquire, Gary, Williams, Parenti, Watson & Gary, PLLC, Stuart, Florida, Attorneys for Plaintiff.

David J. Ferry, Jr., Esquire, Thomas R. Riggs, Esquire, James Gaspero, Jr., Esquire, Ferry Joseph PA, Wilmington, Delaware, Attorneys for Defendants.

**Rocanelli, J.**

This case involves a dispute regarding the property of Judith Webster ("Judith"). Judith was the mother of Plaintiff Mary Katherine Webster ("Plaintiff") and Defendant Victoria Brosman ("Victoria"). Defendant Michael Brosman ("Michael") is Victoria's husband. Plaintiff filed this action on April 17, 2019. Plaintiff alleges that Victoria and Michael (collectively, "Defendants") wrongfully took and sold Judith's property prior to Judith's death and thus deprived Plaintiff of her rights to the property under Judith's Will. Plaintiff's Complaint sets forth four counts against Defendants: conversion, fraud, fraudulent concealment, and accounting.

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, arguing that all four counts are time-barred by Delaware's three-year statute of limitations. Defendants further argue that even if Plaintiff's claims are not time-barred, Plaintiff's claims are premised solely on Plaintiff's status as a beneficiary to Judith's Will and should therefore be brought against Judith's estate. Plaintiff opposes Defendants' motion. The Court heard oral argument on September 26, 2019.

## LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Superior Court Rule of Civil Procedure 12(b)(6), the Court shall accept all well-pleaded allegations as true and make all reasonable inferences

1

in favor of the non-moving party.[1]  Factual allegations, even if vague, are well pleaded if they provide notice of the claim to the other party.[2]  The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[3]

"The Court may raise the issue of subject matter jurisdiction *sua sponte*."[4] Because the parties may not waive subject matter jurisdiction, the Court is independently obligated to ensure that it has jurisdiction over the parties' claims if any doubt exists.[5]  Superior Court Rule of Civil Procedure 12(h)(3) mandates the Court to dismiss a claim if it appears from the record that the Court does not have jurisdiction over the claim.[6]

## PLAINTIFF'S ALLEGATIONS

The Complaint sets forth the following allegations which the Court accepts as true in analyzing Defendants' Motion to Dismiss.  Judith was a Canadian citizen

---

[1] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[2] *Spence*, 396 A.2d at 968.
[3] *Id.*
[4] *Boyce Thompson Inst. v. MedImmune, Inc.*, 2009 WL 1482237, at *10 (Del. Super. Ct. May 19, 2009); *see also* Super. Ct. Civ. R. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action." (emphasis added)).
[5] *See Appriva S'holder Litig. Co. v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007) (quoting *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003)).
[6] *See* Super. Ct. Civ. R. 12(h)(3); *see also Airbase Carpet Mart, Inc. v. AYA Assocs., Inc.*, 2015 WL 9302894, at *2 (Del. Super. Ct. Dec. 15, 2015) (dismissing claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)).

who resided in Toronto, Canada for 55 years. In 2006, Judith executed several estate-planning documents, including two Powers of Attorney ("2006 POAs") designating Defendants as her exclusive attorneys for personal care and property and a Last Will and Testament naming Defendants as her exclusive co-executors and co-trustees and devising her entire estate to Victoria ("2006 Will").

On November 7, 2012, Defendants moved Judith from her home in Toronto to Defendants' residence in Wilmington, Delaware. Judith remained at Defendants' residence until June 2013.[7] On June 20, 2013, Judith left Defendants' residence. Plaintiff makes a variety of claims regarding improper disposition of assets during the time period that Judith resided in Delaware with Defendants about which Plaintiff learned after Judith left Defendants' residence.[8]

In October 2013, Judith updated her estate planning documents. First, Judith executed two Powers of Attorney revoking the 2006 POAs and designating Plaintiff and Plaintiff's sister, Elizabeth Arathoon Webster Surkin ("Elizabeth"), as Judith's exclusive attorneys for personal care and property ("2013 POAs"). Next, Judith executed a Last Will and Testament revoking the 2006 Will and naming Plaintiff and Elizabeth as exclusive trustees and sole beneficiaries of Judith's estate ("2013 Will"). In July 2016, Judith executed a final Power of Attorney designating

---

[7] Had Judith died during the time period in which Judith resided with Defendants, Judith's 2006 Will would have dictated disposition of Judith's estate.
[8] Compl. ¶¶ 37–39.

3

Elizabeth as Judith's exclusive attorney for property ("2016 POA"). Judith died on

May 11, 2017, at which time the 2016 POA and 2013 Will controlled.

## DISCUSSION

### I. Plaintiff's Claims for Conversion, Fraud, and Fraudulent Concealment Are Time-Barred

A three-year statute of limitations applies to Plaintiff's claims for conversion, fraud, and fraudulent concealment.[9] "Fraudulent concealment tolls the statute of limitations until such time as the fraud and concealment are discovered, or could have been discovered by [Plaintiff's] exercise of reasonable diligence."[10] For tolling to apply, "[t]he defendant must have had actual knowledge of the wrong done and must have acted affirmatively in concealing the facts from the plaintiff."[11]

The Complaint states that Defendants' alleged wrongdoing and concealment occurred between November 2012 and, at the latest, August 2013. Plaintiff alleges that Defendants improperly disposed of Judith's assets while Judith resided with Defendants in Delaware from November 2012 to June 2013. The Complaint further alleges that the concealment of Defendants' alleged wrongdoing occurred during that same time period.[12] According to the Complaint, Defendants' final wrongful

---

[9] *See* 10 *Del. C.* § 8106(a) (providing a three-year statute of limitations); *see also Clarkson v. Goldstein*, 2007 WL 914635, at *4 (Del. Super. Ct. Feb. 28, 2007), *corrected* (Apr. 17, 2007) (citing 10 *Del. C.* § 8106).
[10] *Clarkson*, 2007 WL 914635, at *4.
[11] *Id.*
[12] *Id.* ¶¶ 65–67.

4

act—the sale of Judith's Toronto home for less than fair market value—occurred in August 2013.  Therefore, Defendants' alleged wrongdoing ceased in August 2013.

According to the Complaint, Plaintiff learned of the alleged improper disposition of Judith's assets and concealment thereof sometime after Judith left Defendants' residence in June 2013.[13]  Although the Complaint does not state the specific date on which Plaintiff learned of Defendants' alleged actions, the Complaint alleges that Judith executed the 2013 POAs on October 21, 2013 to prevent Defendants from continuing to mishandle Judith's property.  The Complaint further alleges that Judith named Plaintiff and Elizabeth as her exclusive attorneys for property and personal care in the 2013 POAs which authorized Plaintiff and Elizabeth to "make personal care decisions for [Judith] and serve as a litigation guardian in any related court proceedings."[14]  In addition, the 2013 POAs authorized Plaintiff and Elizabeth "to do anything on Judith's behalf in respect to her property which she could otherwise do herself if capable, except make a will."[15]  Therefore, as of October 21, 2013, Plaintiff had authority to investigate and discover, through exercise of reasonable diligence, any potential misconduct relating to Judith's property during the period when Judith resided with Defendants.  Accordingly, although the date on which Plaintiff actually discovered Defendants' alleged

---

[13] Compl. ¶¶ 38–39.
[14] *Id.* ¶ 10.
[15] *Id.*

5

wrongdoing is unclear, Plaintiff could have discovered the wrongdoing as of October 21, 2013, or shortly thereafter. Therefore, although the Complaint does not state the exact date on which Plaintiff discovered Defendants' alleged wrongdoing, the Complaint states that (1) Plaintiff learned of the alleged wrongdoing shortly after Judith left Defendants' residence in June 2013; (2) on October 21, 2013, Judith revoked the 2006 POA to prevent Defendants from continuing to mishandle Judith's property and executed the 2013 POAs designating Plaintiff and Elizabeth as her exclusive attorneys for personal care and property; and (3) the 2013 POAs vested Plaintiff with authority to do anything on Judith's behalf with respect to Judith's property. The three-year statute of limitations therefore began to run on or about October 21, 2013.

Because Plaintiff did not file this action until April 17, 2019, the conversion, fraud, and fraudulent concealment claims are time-barred and Plaintiff fails to state claims upon which relief can be granted. Counts 1, 2, and 3 shall therefore be dismissed pursuant to Superior Court Rule of Civil Procedure 12(b)(6) on the grounds that the claims were filed after the statute of limitations expired.

To the extent this Court has subject matter jurisdiction over Plaintiff's accounting claim, that claim is also time-barred. The Court of Chancery has addressed application of the statute of limitation to accounting claims that sound in law:

6

Where the relief sought from an accounting is merely the recovery of money, the case is analogous to an action for monetary damages. In such cases, the court applies the equivalent statute of limitations by analogy. The statute of limitations for a breach of fiduciary duty is three years. In addition, '[a] right to an accounting . . . does not revive a claim barred by law.'[16]

The statute of limitations applicable to Plaintiff's accounting claim would have tolled for the same time period that Plaintiff's other claims tolled. Therefore, Plaintiff's accounting claim is time-barred for the same reasons that Plaintiff's other claims are time-barred.

## II. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Accounting Claim

In Count 4 of the Complaint, Plaintiff alleges that Plaintiff and Defendants shared a fiduciary relationship and that Defendants assumed a duty to care for Judith's interests. Count 4 further alleges that Defendants abused that relationship. Count 4 states that, because "[a] remedy at law is inadequate," the Court must order an accounting to determine the value of the wrongfully taken assets and to calculate the portion to which Plaintiff is entitled. Although the parties did not raise the issue, Plaintiff's accounting claim must be dismissed for lack of subject matter jurisdiction.

It is well-established that the Superior Court lacks subject matter jurisdiction over equitable causes of action.[17] Equitable claims fall within the jurisdiction of the

---

[16] *Ruggerio v. Estate of Poppiti*, 2005 WL 517967, at *4 (Del. Ch. Feb. 23, 2005).
[17] *Prospect St. Energy, LLC v. Bhargava*, 2016 WL 446202, at *4 (Del. Super. Ct. Jan. 27, 2016).

7

Court of Chancery.[18]  An accounting does not automatically confer equitable jurisdiction.[19]  However, "where, as here, a fiduciary relationship is alleged and an accounting is requested 'equity will generally entertain jurisdiction on the premise that legal remedies are inadequate.'"[20]

Plaintiff's accounting claim sounds in equity for which this Court lacks subject matter jurisdiction.  Count 4 shall therefore be dismissed pursuant to Superior Court Rule of Civil Procedure 12(h)(3).

## CONCLUSION

The three-year statute of limitations applies to Plaintiff's claims which were time-barred at the time suit was filed in 2019.  Accordingly, Counts 1, 2, and 3 are hereby dismissed pursuant to Superior Court Rule of Civil Procedure 12(b)(6).  In addition, this Court lacks subject matter jurisdiction over Plaintiff's claim for accounting.  Therefore, Count 4 is hereby dismissed pursuant to Superior Court Rule

---

[18] *Monroe Park v. Metropolitan Life Ins. Co.*, 457 A.2d 734, 738 (Del. 1983) ("Indeed, under article IV, section 7 of the Delaware Constitution, the Superior Court's jurisdiction relates to all civil causes at 'common law' while article IV, section 10 and 10 *Del. C.* § 341, make clear the Court of Chancery's jurisdiction to hear and determine all matters and causes in equity.").

[19] *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 602 A.2d 74, 78–79 (Del. Ch. 1991) ("An accounting is within the jurisdiction of this Court.  The accounting usually ordered by this Court, however, involves the wrongdoing of a fiduciary, no allegations of which are involved here. . . . [A]n accounting among non-fiduciaries is an action recognized but rarely realized in equity." (citation omitted)).

[20] *Bhargava*, 2016 WL 446202, at *8 (quoting *Harman v. Masoneilan Int'l, Inc.*, 442 A.2d 487, 497 (Del. 1982)).

of Civil Procedure 12(h)(3).  Furthermore, even if this Court had subject matter jurisdiction over Count 4, it would also be time-barred.  Therefore, for the reasons stated, Defendants' Motion to Dismiss is hereby GRANTED.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**